**MORGAN, LEWIS & BOCKIUS LLP**
502 Carnegie Center
Princeton, New Jersey 08540-7814
Sean P. Lynch
Ann Marie Effingham
Phone: (609) 919-6611
Fax: (609) 919-6701
sean.lynch@morganlewis.com
annmarie.effingham@morganlewis.com
*Counsel for Defendant CBRE, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNA BRUNSON,<br><br>     Plaintiff,<br><br>v.<br><br>CBRE, INC.<br><br>     Defendant. | Civil Action No.: 2:19-cv-22081-JMV-MF<br><br>**ANSWER TO COMPLAINT AND SEPARATE DEFENSES**<br><br>*Document Electronically Filed* |

Defendant CBRE, Inc. ("Defendant"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby answer the allegations in the Complaint ("Complaint") of Plaintiff Shanna Brunson in accordance with the numbered paragraphs thereof, as follows:

**Preliminary Statement**

The Preliminary Statement of the Complaint contains no factual allegations such that no response is required.

**Identification of the Parties**

1.    Defendant admits that Plaintiff is a former employee of CBRE, Inc. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 1 of the Complaint.

2. Denied. Defendant CBRE, Inc. was formed in the State of Delaware and has its principal place of business in the State of California.

3. The allegations contained in Paragraph 3 of the Complaint are legal conclusions to which no response is required.

**General Allegations**

4. Admitted.

5. Admitted.

6. Denied.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 7 of the Complaint.

8. The allegations contained in Paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff was disabled during any period relevant to this action.

9. The allegations contained in Paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff was perceived as disabled during any period relevant to this action.

10. The allegations contained in Paragraph 10 of the Complaint are legal conclusions to which no response is required.

11. The allegations contained in Paragraph 11 of the Complaint are legal conclusions to which no response is required.

12. Denied.

13. Defendant admits the allegations of Paragraph 13 insofar as Plaintiff wore a wig in 2016 when she returned from her medical leave. Defendant denies the allegations as to any other time period.

14. Denied.

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 23 of the Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 25 of the Complaint.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Admitted.

32. Denied.

33. Admitted.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 34 of the Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 35 of the Complaint.

36. Denied.

37. Admitted.

38. The allegations contained in Paragraph 38 of the Complaint are legal conclusions to which no response is required.

39. Denied.

40. The allegations contained in Paragraph 40 of the Complaint are legal conclusions to which no response is required.

41. The allegations contained in Paragraph 41 of the Complaint are legal conclusions to which no response is required.

42. The allegations of Paragraph 42 of the Complaint are incomprehensible such that Defendant cannot meaningfully respond to those allegations. To the extent a response is required, Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Denied.

44. Denied.

45. Admitted.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 46 of the Complaint.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. The allegations contained in Paragraph 55 of the Complaint are legal conclusions to which no response is required.

56. Denied.

## COUNT I

57. Defendant restates and incorporates its responses to the other Paragraphs of the Complaint as if fully set forth herein.

58. Denied.

## COUNT II

59. Defendant restates and incorporates its responses to the other Paragraphs of the Complaint as if fully set forth herein.

60. Denied.

## COUNT III

61. Defendant restates and incorporates its responses to the other Paragraphs of the Complaint as if fully set forth herein.

62. Denied.

## COUNT IV

63. Defendant restates and incorporates its responses to the other Paragraphs of the Complaint as if fully set forth herein.

64. Denied.

## COUNT V

65. Defendant restates and incorporates its responses to the other Paragraphs of the Complaint as if fully set forth herein.

66. Denied.

## COUNT VI

67. Defendant restates and incorporates its responses to the other Paragraphs of the Complaint as if fully set forth herein.

68. Denied.

## COUNT VII

69. Defendant restates and incorporates its responses to the other Paragraphs of the Complaint as if fully set forth herein.

70. Denied.

## COUNT VIII

71. Defendant restates and incorporates its responses to the other Paragraphs of the Complaint as if fully set forth herein.

72. Denied.

## COUNT IX

73. Defendant restates and incorporates its responses to the other Paragraphs of the Complaint as if fully set forth herein.

74. Denied.

## COUNT X

75. Defendant restates and incorporates its responses to the other Paragraphs of the Complaint as if fully set forth herein.

76. Denied.

## COUNT XI

77. Defendant restates and incorporates its responses to the other Paragraphs of the Complaint as if fully set forth herein.

78. Denied.

## COUNT XII

79. Defendant restates and incorporates its responses to the other Paragraphs of the Complaint as if fully set forth herein.

80. 80-87. Defendant admits that Plaintiff seeks the equitable relief set forth in Paragraphs 80-87 of the Complaint but denies that Plaintiff is entitled to any such relief.

## JURY DEMAND

Defendant admits that Plaintiff demands a trial by jury but deny that this matter is appropriate for a jury trial.

**SEPARATE DEFENSES**

1. Plaintiff's claims should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

2. The Complaint is barred, in whole or in part, by the applicable statutes of limitation.

3. The Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, unclean hands, and other equitable defenses.

4. Plaintiff's claims are barred, in whole or in part, because every action taken with respect to Plaintiff's employment was taken for legitimate, non-discriminatory, non-retaliatory reasons.

5. Plaintiff is not entitled to the recovery of compensatory damages (including, but not limited to, back pay or front pay damages).

6. Plaintiff's request for punitive damages is barred because at all relevant times, Defendant acted reasonably and in a good faith effort to comply with all applicable laws.

7. Plaintiff's alleged damages are barred, in whole or in part, because Plaintiff has failed to make reasonable efforts to mitigate any such damages.

8. Plaintiff's FMLA claims are barred, in whole or in part, because Plaintiff was afforded leave under the Act.

9. Plaintiff's claims are barred, in whole or in part, because any act or omission of Defendant giving rise to such claims was not intentional.

10. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any damages attributable to any actions by Defendant.

11. Plaintiff's claims are barred, in whole or in part, because, for some or all of the relevant period, Plaintiff did not have a "disability" as defined under the applicable laws.

12. The Complaint is barred, in whole or in part, by the after-acquired evidence rule.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Defendant prays for judgment in their favor and against Plaintiff Shanna Brunson dismissing the Complaint with prejudice and awarding to Defendant attorneys' fees and costs of suit and granting such further relief as the Court may deem just and proper.


January 21, 2020                                          Respectfully submitted,
                                                          MORGAN, LEWIS & BOCKIUS LLP

                                                          By: /s/ Sean P. Lynch
                                                              Sean P. Lynch
                                                              502 Carnegie Center
                                                              Princeton, New Jersey 08540
                                                              Phone: (609) 919-6600
                                                              Fax: (609) 919-6701
                                                              sean.lynch@morganlewis.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2020, true and correct copies of Defendant's Answer and Separate Defenses to Plaintiff's Complaint was served via ECF upon all counsel of record in this action.

                                                /s/ Sean P. Lynch
                                                Sean P. Lynch